**Robert B. REICH, Plaintiff,**

v.

**James R. JOHNSON, Sr., et al., Defendants.**

**Civ. No. 94–4051 (CSF).**

United States District Court, D. New Jersey.

July 5, 1995.

Thomas S. Williamson, Jr., Sol. of Labor by Kevin E. Crowley, U.S. Dept. of Labor, New York City, for plaintiff.

Schubert, Bellwoar, Mallon & Waldheim by William F. Sweeney, Haddon Township, NJ, for defendants.

## OPINION

CLARKSON S. FISHER, District Judge.

Plaintiff, Robert B. Reich, Secretary of Labor, United States Department of Labor,

commenced this action in August 1994 against defendants, James R. Johnson, Laura J. Johnson and Carolyn J. Hordichuk. At all times relevant to the complaint, defendants were named trustees of an employee benefit plan and an employee profit-sharing plan for the Bil–Jim Construction Company, Inc. and Maple Lake, Inc.

Plaintiff's complaint alleges that defendants, in their capacities as trustees of the plans, failed to discharge their fiduciary duties by violating the prudent man rule under section 404(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1104(a)(1)(B), and by failing to diversify investments, in violation of section 404(a)(1)(C), 29 U.S.C. § 1104(a)(1)(C). (Compl. at ¶¶ 13–14.) Both plans at all relevant times have been employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). The complaint alleges breaches of fiduciary duty for defendants' purchases, in their capacity as trustees of the plan, of shares of stock in Statewide Bancorp, Inc. on the following dates: February 10, 1988; May 11, 1988; May 11, 1989, and December 8, 1989. (Compl. at ¶ 9.) Statewide Bancorp, Inc. filed for bankruptcy during 1991, and stock in that company currently has no value. (Def. Statement of Undisputed Facts at ¶ 8.)

 Defendants move for partial summary judgment, arguing that plaintiff's complaint is time barred with respect to the 1988 transactions.

Actions for breach of fiduciary duty are barred:

> after the earlier of (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation. . . .

29 U.S.C. § 1113. Plaintiff argues that defendants' alleged breaches of fiduciary duty are not time barred, because they constitute omissions and are protected under the six-year statute of limitations set out in ERISA § 413(1)(B), 29 U.S.C. § 1113(1)(B). The applicable limitations period depends on the characterization of the alleged breach of fiduciary duty as an act or an omission. Alleged breaches of fiduciary duty which are characterized as acts are measured from the date of the last act constituting a part of the breach. *Id.* Alleged breaches of fiduciary duty which are characterized as omissions are measured from the last date on which defendants could have cured the alleged breach. *Id.*

Plaintiff admits that "claims that *purchases* of stock made in 1988 were imprudent would be barred by the six-year statute of limitations." (Pl. Brief in Opposition at 212.) (emphasis in original). Plaintiff asserts that "[i]t is this continued failure of the Trustee defendants to act to divest the Plans of their Statewide Bancorp stock holdings, this omission, that is the crux of the Secretary's allegation of ERISA violations." (Pl. Brief in Opposition at 10.) Defendants urge that the statute of limitations began to run on the date of a specific ascertainable act constituting an alleged breach of fiduciary duty. That is, defendants argue that the limitations period began to run on the dates of the stock purchases.

 Plaintiff's complaint is concerned with defendants' alleged failure to diversify and, as such, states a cause of action for breach by omission. As noted *supra,* Statewide Bancorp stock currently has no value. However, plaintiff's exhibit A reveals that the company's stock had value up until at least the first quarter of 1991. (Pl. Exh. A) In fact, the stock traded for as high as $19.50 during the last quarter of 1989. Defendants had the opportunity up until at least 1991 to sell the Statewide Bancorp stock and cure the alleged breaches. Therefore, plaintiffs filed the present action within six years of the time in which defendants could have cured the alleged breaches stemming from the 1988 purchases of Statewide Bancorp stock.

Accordingly, defendants' motion for partial summary judgment is denied. An order accompanies this opinion.

## ORDER

THIS MATTER having come before the court on motion by defendants, James R. Johnson, Laura J. Johnson and Carolyn J. Horsdichuk, for partial summary judgment dismissing the complaint as to the purchase of shares of stock in Statewide Bancorp, Inc., on February 10, 1988, and May 11, 1988, on the ground that plaintiff's claims are time barred as to those transactions; and the court having read and considered the written submissions of counsel; and good cause appearing,

IT IS on this 5th day of July, 1995,

ORDERED that defendants' motion for partial summary judgment be and is hereby denied.